UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHIRLEY L. JACKSON, ET AL. | CIVIL ACTION NO. 05-0156 |
| versus | JUDGE HICKS |
| GENERAL DOLLAR STORE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Shirley and Otis Jackson ("Plaintiffs") filed this action in state court alleging that vitamins commonly known as St. John's Wort and Kava manufactured by defendant Rexall, Inc. and sold by defendant General Dollar Store caused Ms. Jackson's illness and hospitalization. Defendants removed the case. Two conferences were held, and two preliminary scheduling orders were issued. William P. Crews, Jr., counsel for Plaintiffs, then moved to withdraw as counsel. His motion was supported by a letter to Plaintiffs that included a confirmation of his "personal announcement to you, in your home, on Monday, June 19, 2006 . . . that due to various reasons I no longer represent you in this matter and urged you to immediately seek substitute counsel."

A telephone conference was then held to discuss the motion. The undersigned granted the motion and vacated the scheduling order. Plaintiffs were permitted until September 29, 2006 to (1) enroll new counsel or (2) file a written notice of intent to represent themselves. The order warned that failure to take either step before the deadline would result in the claims being dismissed without further notice. The clerk sent copies of the order to the

Plaintiffs' home address. That address was provided by Mr. Crews during the telephone conference. Mr. Crews also reported that Plaintiffs did not have a telephone. Doc. 29. The copy of the order mailed to Plaintiffs' home address was returned marked: "Insufficient address - unable to forward."

Upon receipt of the returned mail, the court contacted defense counsel in an effort to verify Plaintiffs' address. Counsel reported that his file showed that Plaintiffs did reside at the physical address provided by Mr. Crews, but Ms. Jackson's deposition included her testimony that the couple's mailing address was a post office box. The clerk, at the request of the undersigned, then mailed separate copies of the Memorandum Order to each Plaintiff at the post office box address. Doc. 31. The items were returned marked: "Box closed - unable to forward." Defendant Rexall then filed a Motion to Dismiss (Doc. 33) based on the lack of notice from Plaintiffs that they have new counsel or that they intend to represent themselves. A briefing schedule was issued, but the copy sent to Plaintiffs was returned.

Local Rule 11.1W provides: "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3W provides that failure to do so "may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

Plaintiffs' claims would likely be barred by prescription if this civil action is dismissed without prejudice, so the dismissal is in effect a dismissal with prejudice. Such

dismissals require a showing of a clear record of delay or contumacious conduct by the plaintiff and that lesser sanctions would not serve the best interests of justice. Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).

Mr. Crews specifically advised Plaintiffs that they were unrepresented and that they should immediately enroll new counsel. More than three months have passed since that notification, but the court has received no communication from Plaintiffs during that time, despite the court's documented, repeated efforts to contact Plaintiffs. Plaintiffs have taken no known action to prosecute their claims or respond to the request that the claims be dismissed.

The delay in this case is attributable to Plaintiffs, as distinguished from their former counsel, and there is no basis to assume that it was other than the result of intentional conduct in the form of ignoring the advice to enroll new counsel or simply Plaintiffs' abandonment of this action. These factors merit dismissal without prejudice (and with prejudice to the extent the claims would then be prescribed). Finally, it is impossible for the court to conduct a trial and resolve this case without communication with and the participation of Plaintiffs.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 33) be **granted** and that all claims asserted by Plaintiffs in this civil action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 17th day of November, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE